Brian S. King, #4610
Brent J. Newton, #6950
Samuel M. Hall, #16066
Andrew J. Somers, #19078
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
brent@briansking.com
samuel@briansking.com
andrew@briansking.com

*Attorneys for Plaintiffs*

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHRIS K. and C.K.,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>ANTHEM BLUE CROSS and BLUE SHIELD,<br><br>　　　　　Defendant. | PLAINTIFFS' MOTION FOR LEAVE TO PROCEED ANONYMOUSLY<br><br>Case No. 2:25-cv-00201-DAO<br><br>Magistrate Judge: Daphne A. Oberg |

Plaintiffs, Chris K. ("Chris"), and C.K., through their undersigned counsel and pursuant to Rules 10(a) and 5.2(a)(3) of the Federal Rules of Civil Procedure, respectfully submits this Motion for Leave to Proceed Anonymously. Plaintiffs seek entry of an order permitting Chris and C.K. to proceed under pseudonyms.

**STATEMENT OF RELEVANT FACTS**

Plaintiffs' Complaint provides a detailed recounting of the struggles C.K. went through as a minor, including anxiety, self-harm, suicidal ideation, mood dysregulation, and

1

dysphoria which had not been able to be resolved at other levels of care, including inpatient hospitalizations.

This case concerns Defendant's denial of benefits for C.K.'**s** care due to a lack of preapproval and accreditation. Chris presented extensive evidence from C.K.'s medical records in support of his appeals asserting C.K.'s care at Summit should have been covered by Defendant, including sensitive and personal information about C.K.'s mental health history as a minor.

**ARGUMENT**

Plaintiffs acknowledge the public interest in open judicial proceedings "even in ordinary civil litigation between private parties," because such suits, "individually and certainly in the aggregate, do not only advance the parties' private interests, but also further the public's interest in enforcing legal and social norms."[1] However, as the Tenth Circuit has articulated, "in those exceptional cases involving matters of a highly sensitive and personal nature" anonymity is warranted.[2] Because Plaintiffs' need for anonymity outweighs the public interest in favor of openness, they should be allowed to proceed anonymously.[3] The matter at hand is one such exceptional case. While the preference in federal court is for parties to proceed under their full names, there are compelling reasons that the Court should permit Plaintiffs to proceed anonymously in this case.

First, the medical records and treatment at issue in this case extensively refer to C.K.'s struggles before the age of 18. Federal Rule of Civil Procedure 5.2(a)(3) requires litigants to

---

[1] *GEICO Gen. Ins. Co. v. M.O.*, 2021 U.S. Dist. LEXIS 192664, *19 (D. Kan. 2021) (quotation marks omitted, citing *Doe v. Del Rio*, 241 F.R.D. 154, 158-59 (S.D.N.Y. 2006)).
[2] *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quotation marks omitted, citing *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).
[3] *See Raiser v. Brigham Young University*, 127 Fed. Appx. 409, 411 (10th Cir. 2005).

protect the identity of minors by, at minimum, only using the minor in question's initials when filing their pleadings. Although C.K. is no longer under the age of 18, most jurisdictions have long recognized the appropriateness of preventing the names of children from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors.[4] Moreover, the fact C.K. was under the age of 18 during the treatment at issue in this case controls the Court's analysis, regardless of C.K.'s age now.[5] Because C.K. was under the age of 18 when undergoing treatment, the balance of interests favors protecting her anonymity. And while Chris is not a minor, disclosure of Chris's full name would have the impact of revealing C.K.'s identity and would be in violation of both the spirit and purpose of Rule 5.2(a)(3) and the established policies preventing disclosure of records relating to minors.[6]

Second, a substantial portion of the record in this ERISA case is comprised of C.K.'s protected health information and records relating to their treatment. Even absent any discussion of C.K.'s age in this case, these records are protected from public disclosure by HIPAA.[7] In this

---

[4] See, e.g., U.C.A. §78A-6-209 (indicating that juvenile probation officer records are "not open to inspection" and listing with particularity the parties who have limited access to criminal records of juveniles); *see also T.S.H. v. Northwest Mo. State Univ.*, 2019 U.S. Dist. LEXIS 174372, *3-7 (W.D. Mo. 2019) (Finding that "revealing Plaintiffs' identities in this lawsuit [now that they have reached the age of majority] would defeat the protections afforded to their juvenile records.").

[5] *See, e.g., Doe v. USD No. 237*, 2017 U.S. Dist. LEXIS 142435, *31 (D. Kan. 2017) ("[t]he fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis" when considering whether they should be allowed to proceed anonymously); *also N.E. v. Blue Cross Blue Shield Carolina*, 2023 U.S. Dist. LEXIS 56537, *49 (D. N.C. 2023) (In another ERISA case concerning mental health care, "although [plaintiff] is no longer a minor, [he] was a minor when the facts underlying this case occurred, which also weighs in favor of protecting his identity and by extension, [his parent's] identity.").

[6] *See, e.g., Doe v. United States*, 2017 U.S. Dist. LEXIS 234261, at *3 (M.D.N.C. Sep. 12, 2017) ("With respect to the minor Plaintiffs, Fed. R. Civ. P. 5.2(a)(3) requires that only a minor's initials be used in a court filing. To identify initials of the minors and the full name of any guardian appointed would defeat the purpose of Rule 5.2.").

[7] 42 U.S.C.S. §1320d.

3

instance, C.K. suffered from a long line of behavioral and mental health problems culminating in the necessity of residential treatment care. Chris and C.K. have experienced very deep and difficult trauma stemming from the underlying facts of this case. Courts routinely allow parties to proceed anonymously in cases involving highly sensitive and personal medical issues such as those experienced by C.K..[8] Disclosure of this health information may lead to unwarranted retaliation from third parties, and public disclosure of C.K.'s mental health struggles could cause C.K. and Chris even more trauma.

Third, the identities of Chris and C.K. are known to Defendant, as Defendant was the insurer for the insurance plan which provided coverage for Chris and C.K. As alleged, Defendant denied the claims at issue here. As such, allowing Plaintiffs to proceed anonymously does not prejudice Defendant.

Finally, the public's right to know about and learn from this litigation is protected by allowing Plaintiffs to proceed anonymously. The parties will likely need to discuss and quote from C.K.'**s** medical records and reference C.K.'s treatment, so if Chris and C.K.'s full names are used, the parties may need to redact large portions of their dispositive motions and file their unredacted motions under seal to protect C.K.'s HIPAA rights. In contrast, if Plaintiffs are allowed to proceed anonymously, they expect to file any dispositive motion without requiring any redactions, thereby allowing more information to be reflected in the public record.

---

[8] *See, e.g., K.H.B. v. UnitedHealthcare Ins. Co.*, 2018 U.S. Dist. LEXIS 144690, at *2 (N.D. Cal. 2018) (permitting plaintiffs to proceed under pseudonyms in an ERISA action challenging the denial of mental health care benefits); *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (granting the plaintiff's motion to file pseudonymously, reasoning that public disclosure would deter civil litigants with mental conditions from "ever reaching the courthouse steps [to vindicate their rights] for fear of repercussions that would ensue if their condition was made public").

For all of these reasons, the public interest and C.K.'s privacy rights are best served by allowing Plaintiffs to proceed anonymously in this action. Plaintiffs also note that they are more than willing to produce evidence of their identities under seal in this matter upon the Court's request.

## CONCLUSION

For the foregoing reasons, Plaintiffs requests that the Court allow them to proceed anonymously.

DATED this 31st day of March 2025.

        /s/ Brian S. King
        BRIAN S. KING, P.C.
        Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document will be served to all appropriate parties once they have appeared:

        */s/ Brian S. King*
        Attorney for Plaintiffs